The Honorable Jack Critcher State Representative P.O. Box 79 Grubbs, Arkansas 72431
Dear Representative Critcher:
This is in response to your request for an opinion on three questions concerning a county's authority to donate public funds to the Arkansas Game and Fish Commission. Specifically, your three questions are as follows:
 1. Can the Quorum Court of a County legally make a donation from the County General Revenue Fund or any other source of public funds to the Game Fish Commission or any State agency?
 2. If so, is there a limit as to the dollar amount which can be donated?
3. Under what circumstances can such donations legally be made?
It is my opinion that the answer to your first question will depend upon the facts surrounding the donation. I have not found any express constitutional prohibition against a county making such a donation. I have previously opined that the restrictions of Arkansas Constitution art. 12, § 5,[1] do not apply to donations made to other public
entities. See, e.g., Op. Att'y Gen. 92-250. Counties, however, under our constitution, only have legislative authority over local matters. See
Arkansas Constitution Amendment 55, § 1(a) ("A county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law") and § (1)(b) ("No county may . . . exercise any authority not relating to county affairs"). The question of whether a quorum court can make a donation to the Game and Fish Commission or any other state agency, therefore, may depend upon whether the donation may be termed a "county affair."
It is my opinion that an outright donation of county funds[2] to the Game and Fish Commission, or another state agency, without any restrictions as to the use of the funds, or any joint undertaking or project, would not be a "county affair," and thus a county would have no authority to enact legislation making such a donation. The existence of particular facts, however, surrounding the donation, may alter this result, and make the donation lawful. For example, counties are authorized to engage in joint undertakings pursuant to the "Interlocal Cooperation Act" (A.C.A. §§ 25-20-101 through -108 (1987)), and if a "donation" is actually made in consideration of such a joint project or other contract which will benefit the county in question, the "donation" might be lawful, depending, of course, upon all the relevant facts. Seegenerally, Op. Att'y Gen. 89-321 (copy enclosed) (county's use of county funds as matching funds for the construction of a lake to be owned by the Game and Fish Commission might be lawful, depending upon the facts).[3]
I cannot opine as to which such projects would be lawful in the abstract however, but rather, a determination of the legality of a particular transaction would have to be undertaken on a case-by-case basis with reference to all the pertinent facts and circumstances.
In response to your second question, there is no set dollar amount governing such "donations." The relevant question will be whether the donation is made in furtherance of a "county affair."
Your third question has been substantially answered by the discussion above. The "circumstances" under which such a donation would be legal would have to indicate that the matter is a "county affair," and otherwise complies with law.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] This provision states that "[n]o county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation association, institution or individual."
[2] Your question mentions county funds coming from the "County General Revenue Fund" or "any other source of public funds." It should be noted in this regard that funds which have been specifically designated for certain purposes, cannot, of course, be diverted to other purposes. Seegenerally Arkansas Constitution art. 16, § 11.
[3] See also A.C.A. § 14-137-112(d) (Cum. Supp. 1993), authorizing a county public facilities board to transfer land to the Game and Fish Commission, with or without consideration, if the Commission agrees to develop a wildlife management area or to construct public fishing lake thereon.